UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE PARK, CELESTE VARGAS, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR, *individually and on behalf of all others similarly situated,* | Case No.: |
| Plaintiff(s), | **COMPLAINT** |
| | **COLLECTIVE AND CLASS ACTION** |
| -against- | |
| HANPOOL, INC., GAM MEE OK, INC., HYUNG K. CHOI, JUNSIK MOON (a/k/a DEREK DOE), HONG JUN AN (a/k/a JUN DOE), and HYUNG MO. | |

Plaintiff(s), ANDRE PARK, CELESTE VARGAS, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR, individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to themselves and upon information and belief as to all other matters, complaining of Defendant(s), HANPOOL, INC., GAM MEE OK, INC., HYUNG K. CHOI, JUNSIK MOON (a/k/a DEREK DOE), HONG JUN AN (a/k/a JUN DOE), and HYUNG MO (collectively "Defendant(s)") alleges:

1. **NATURE OF THE ACTION**

1. This is a wage and hour action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

2. Defendant(s) are a restaurant enterprise. Plaintiff(s) are servers and bussers. Defendants violated minimum wage and overtime requirements and misappropriated tips.

2. **JURISDICTION**

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff(s)' claims under the NYLL pursuant to 28 U.S.C. § 1367.

**3.  VENUE**

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the

Defendant(s) is/are in the Southern District of New York.

**4.  PARTIES**

**4.1.  Plaintiff ANDRE PARK**

5.      Plaintiff ANDRE PARK resides in Orange County, Florida.

6.      Plaintiff ANDRE PARK worked as a server from approximately June 20, 2023 to

November 5, 2023.

7.      Plaintiff ANDRE PARK regularly used a credit card machine to process customer

orders.

**4.2.  Plaintiff CELESTE VARGAS**

8.      Plaintiff CELESTE VARGAS resides in New York, New York.

9.      Plaintiff CELESTE VARGAS worked as a server from approximately August 7 2023

to November 8, 2023.

10.      Plaintiff CELESTE VARGAS  regularly used a credit card machine to process

customer orders.

**4.3.  Plaintiff ALFREDO LARIOS SALVADOR**

11.      Plaintiff ALFREDO LARIOS SALVADOR resides in Queens, New York.

12.      Plaintiff ALFREDO LARIOS SALVADOR worked as a busser from approximately

September 10, 2022 to November 6, 2023.

13.      Plaintiff ALFREDO LARIOS SALVADOR  regularly used a credit card machine to

process customer orders.

**4.4.  Plaintiff WILMER ADOLFO LARIOS SALVADOR**

14.      Plaintiff WILMER ADOLFO LARIOS SALVADOR resides in Queens, New York.

15.     Plaintiff WILMER ADOLFO LARIOS SALVADOR worked as a busser from approximately December 2022 to November 6, 2023.

16.     Plaintiff WILMER ADOLFO LARIOS SALVADOR  regularly used a credit card machine to process customer orders.

**4.5. Defendant HANPOOL, INC.**

17.     Defendant HANPOOL, INC. is a New York business corporation with an agent for service of process named HANPOOL, INC. and address for service at 9 W 32ND STREET, 2ND FLOOR, NEW YORK, NY, UNITED STATES, 10001.

18.     The Chief Executive Officer of Defendant HANPOOL, INC. is Defendant HYUNG K. CHOI.

19.     The address of the chief executive officer of Defendant HYUNG K. CHOI is 200 OLD PALISADES RD, APT.15B, FORT LEE, NJ, UNITED STATES, 07024.

20.     The principal executive office address of Defendant HANPOOL, INC. is 9 W 32ND STREET, 2ND FLOOR, NEW YORK, NY, UNITED STATES, 10001.

21.     Defendant HANPOOL, INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22.     Defendant HANPOOL, INC. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

23.     In each of the three years preceding the filing of this Complaint, Defendant HANPOOL, INC. annual gross volume of sales exceeded $500,000.

24.     Defendant HANPOOL, INC. does business as Gammeeok at 9 W 32nd St 2nd floor, New York, NY 10001.

25.     Defendant HANPOOL, INC. exercised control over the terms and conditions of employees' employment, including Plaintiff(s), in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

26.     Defendant HANPOOL, INC. exercised control, oversight, and direction over Plaintiff(s) and similarly situated employees.

27.     Defendant HANPOOL, INC. applied the same employment policies, practices, and procedures to all Plaintiff(s), including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

28.     Defendant HANPOOL, INC. is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiff(s) and similarly situated employees.

**4.6.  Defendant GAM MEE OK, INC.**

29.     Defendant GAM MEE OK, INC. is a New Jersey business corporation.

30.     The Chief Executive Officer of Defendant GAM MEE OK, INC. is Defendant HYUNG K. CHOI.

31.     The principal place of business of Defendant GAM MEE OK, INC. is 485 Main St, Fort Lee, NJ 07024.

32.     Defendant GAM MEE OK, INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

33.     Defendant GAM MEE OK, INC. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

34.     In each of the three years preceding the filing of this Complaint, Defendant GAM MEE OK, INC. annual gross volume of sales exceeded $500,000.

35.     Defendant GAM MEE OK, INC. does business as Gammeeok at 485 Main St, Fort Lee, NJ 07024.

36.     Defendant GAM MEE OK, INC. exercised control over the terms and conditions of employees' employment, including Plaintiff(s), in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

37.     Defendant GAM MEE OK, INC. applied the same employment policies, practices, and procedures to all Plaintiff(s), including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

38.     Defendant GAM MEE OK, INC. is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiff(s) and similarly situated employees.

**4.7. Defendant HYUNG K. CHOI**

39.      Defendant HYUNG K. CHOI was the Chief Executive Officer at HANPOOL, INC..

40.     Defendant HYUNG K. CHOI (a/k/a Hyung Kee Choi) is the president of Defendant HANPOOL, INC.

41.     Defendant HYUNG K. CHOI (a/k/a Hyung Kee Choi) resides at 200 OLD PALISADES RD, APT.15B, FORT LEE, NJ, UNITED STATES, 07024

42.     Defendant HYUNG K. CHOI had power to hire, fire, supervise, set pay rate, set work hours, and keep payroll records of Plaintiffs.

43.     Defendant HYUNG K. CHOI (a/k/a Hyung Kee Choi) maintained payroll records.

44.     Defendant HYUNG K. CHOI (a/k/a Hyung Kee Choi) fired Plaintiff WILMER LARIOS.

45.     Defendant HYUNG K. CHOI (a/k/a Hyung Kee Choi) fired Plaintiff ALFREDO LARIOS.

46.     Defendant HYUNG K. CHOI (a/k/a Hyung Kee Choi) signed a lease for Defendant HANPOOL, INC. to constitute a tenant at 9 W 32ND STREET, 2ND FLOOR, NEW YORK, NY, UNITED STATES, 10001.

47.     Defendant HYUNG K. CHOI (a/k/a Hyung Kee Choi) signed the Good Guy Guaranty as the guarantor for Defendant HANPOOL, INC.'s lease of premises at 9 W 32ND STREET, 2ND FLOOR, NEW YORK, NY, UNITED STATES, 10001.

48.     Defendant HYUNG K. CHOI (a/k/a Hyung Kee Choi) received one or more architectural and interior design services proposals at Gam Mee Ok Restaurant at 485 Main Street, Fort Lee, New Jersey, 07024 for proposed work at the Gam Mee Ok Restaurant at 9 W 32ND STREET, 2ND FLOOR, NEW YORK, NY, UNITED STATES, 10001.

49.     Defendant HYUNG K. CHOI (a/k/a Hyung Kee Choi) accepted one or more architectural and interior design services proposals at Gam Mee Ok Restaurant at 485 Main Street, Fort Lee, New Jersey, 07024 for proposed work at the Gam Mee Ok Restaurant at 9 W 32ND STREET, 2ND FLOOR, NEW YORK, NY, UNITED STATES, 10001.

50.     Defendant HYUNG K. CHOI exercises sufficient control over the operations of Gammeeok to be considered Plaintiff(s)' employer under the FLSA and NYLL.

51.     Defendant HYUNG K. CHOI is an employer under the FLSA and NYLL.

52.     Defendant HYUNG K. CHOI represented Gammeok in response to reports of a dead rat discovered in the soup by a New York City couple.

53.     Regarding the report of a rat, Defendant HYUNG K. CHOI said, "the food was not eaten at our restaurant, but was delivered to them through a delivery service."

https://www.koreadailyus.com/nyc-couple-claims-they-found-a-dead-rat-in-their-soup/

54.     Defendant said HYUNG K. CHOI had power to supervise employees using surveillance cameras.

55.     Defendant said HYUNG K. CHOI "after receiving the complaint over the phone, we checked all the surveillance cameras in the kitchen, but there was no way a rat could have gotten in. The employee in charge also scooped the soup from a large pot four times and had to look at the bowl to serve it, so there was no way he could have missed the rat."

https://www.koreadailyus.com/nyc-couple-claims-they-found-a-dead-rat-in-their-soup/

56.     Defendant HYUNG K. CHOI exercised sufficient control over the operations of Gammeeok to be considered an employer under the FLSA and NYLL.

57.     Defendant HYUNG K. CHOI is listed as a principal on the liquor license for Gammeeok at Defendant HANPOOL INC. at 9 W. 32nd Street, 2nd Floor, New York, New York 10001.

**4.8. Defendant JUNSIK MOON (a/k/a DEREK DOE)**

58.      Defendant JUNSIK MOON (a/k/a DEREK DOE) was the manager at Gammeok at 9 W. 32nd Street, 2nd Floor, New York, New York 10001.

59.     Defendant JUNSIK MOON (a/k/a DEREK DOE) hired Plaintiffs ANDRE PARK, CELESTE VARGAS, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR.

60.     Defendant JUNSIK MOON (a/k/a DEREK DOE) supervised Plaintiffs ANDRE PARK, CELESTE VARGAS, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR.

61.     Defendant JUNSIK MOON (a/k/a DEREK DOE) managed Plaintiffs ANDRE PARK, CELESTE VARGAS, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR.

62.     Defendant JUNSIK MOON (a/k/a DEREK DOE) paid wages of Plaintiff ANDRE PARK.

63.     Defendant JUNSIK MOON (a/k/a DEREK DOE) scheduled the work hours of Plaintiffs ANDRE PARK, CELESTE VARGAS, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR.

64.     Defendant JUNSIK MOON (a/k/a DEREK DOE) controlled the terms and conditions of employment of Plaintiffs ANDRE PARK, CELESTE VARGAS, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR.

65.     Defendant JUNSIK MOON (a/k/a DEREK DOE) kept payroll records, if any, regarding Plaintiffs ANDRE PARK, CELESTE VARGAS, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR.

66.     Defendant JUNSIK MOON (a/k/a DEREK DOE) had power to fire Plaintiffs.

67.     Defendant JUNSIK MOON (a/k/a DEREK DOE) fired Plaintiff WILMER ADOLFO LARIOS SALVADOR.

68.     Defendant JUNSIK MOON (a/k/a DEREK DOE) fired Plaintiff ALFREDO LARIOS SALVADOR.

69.     Defendant JUNSIK MOON (a/k/a DEREK DOE) is an employer under the FLSA and NYLL.

70.     Defendant JUNSIK MOON (a/k/a DEREK DOE) exercised sufficient control over the operations of Gammeok to be considered an employer under the FLSA and NYLL.

**4.9. Defendant HONG JUN AN (a/k/a JUN DOE)**

71.     Defendant HONG JUN AN (a/k/a JUN DOE) was the manager at Gammeok at 9 W 32ND STREET, 2ND FLOOR, NEW YORK, NY, UNITED STATES, 10001.

72.     Defendant HONG JUN AN (a/k/a JUN DOE) owns, operates, manages, controls, or otherwise responds at the phone number 718-210-6577.

73.     Defendant HONG JUN AN (a/k/a JUN DOE) supervised Plaintiff ANDRE PARK.

74.     Defendant HONG JUN AN (a/k/a JUN DOE) managed Plaintiffs ANDRE PARK, CELESTE VARGAS, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR.

75.     Defendant HONG JUN AN (a/k/a JUN DOE) scheduled the work hours of Plaintiffs ANDRE PARK, ALFREDO LARIOS SALVADOR, WILMER ADOLFO LARIOS SALVADOR.

76.     Defendant HONG JUN AN (a/k/a JUN DOE) controlled the terms and conditions of employment of Plaintiffs.

77.     Defendant HONG JUN AN (a/k/a JUN DOE) had power to fire Plaintiffs ALFREDO LARIOS SALVADOR and WILMER ADOLFO LARIOS SALVADOR.

78.     Defendant HONG JUN AN (a/k/a JUN DOE) participated in firing Plaintiffs ALFREDO LARIOS SALVADOR and WILMER ADOLFO LARIOS SALVADOR

79.     Defendant HONG JUN AN (a/k/a JUN DOE) is an employer under the FLSA and NYLL.

80.     Defendant HONG JUN AN (a/k/a JUN DOE) exercised sufficient control over the operations of Gammeok to be considered an employer under the FLSA and NYLL.

### 4.10.   **Defendant HYUNG MO**

81.    Defendant HYUNG MO was the general manager at all Gammeok locations.

82.    Defendant HYUNG MO supervised Plaintiff CELESTE VARGAS.

83.    Defendant HYUNG MO managed Plaintiff CELESTE VARGAS.

84.    Defendant HYUNG MO controlled the terms and conditions of employment of Plaintiffs by, inter alia, directing and yelling at employees.

85.    Defendant HYUNG MO kept payroll records, if any, regarding Plaintiffs including Plaintiffs CELESTE VARGAS and WILMER ADOLFO LARIOS SALVADOR.

86.    Defendant HYUNG MO had power to fire Plaintiff ALFREDO LARIOS SALVADOR, and WILMER ADOLFO LARIOS SALVADOR.

87.    Defendant HYUNG MO participated in firing Plaintiff WILMER ADOLFO LARIOS SALVADOR.

88.    Defendant HYUNG MO participated in firing Plaintiff ALFREDO LARIOS SALVADOR.

89.    Defendant HYUNG MO is an employer under the FLSA and NYLL.

90.    Defendant HYUNG MO exercises sufficient control over the operations of Gammeok to be considered Plaintiff(s)' employer under the FLSA and NYLL.

## 5.   **FACTUAL ALLEGATIONS**

### 5.1. **Defendant(s)' Enterprise**

91.    Defendant(s) constitute an "enterprise" as defined in 29 U.S.C. § 203 engaged in the common business purpose of doing business as restaurants named "Gammeeok.".

92.    The Gammeeok restaurants maintained mailing and/or business addresses at 9 W 32nd St 2nd floor, New York, NY 10001 and 485 Main St, Fort Lee, NJ 07024.

93.    Gammeeok engaged in related activities including operating restaurants.

94. The phone number(s) to reach Gammeeok is or was (212) 868-1180 and (201) 242-1333.

95. The hours of operation for Gammeeok restaurants were approximately 24 hours per day, 7 days per week.

96. Gammeeok in New York employed approximately 15 - 20 employees in the statute of limitations period immediately preceding the filing of the Complaint to the present.

97. Gammeeok engaged in related activities through unified operation at 9 W 32nd St 2nd floor, New York, NY 10001 and 485 Main St, Fort Lee, NJ 07024.

98. Gammeeok performed related activities through common control of all Defendants, including the common owner Defendant HYUNG K. CHOI and common officers and common business functions such as operating restaurants with the same or substantially similar menus.

99. Gammeeok shared social media precense on Instagram under the name "gammeok_ny_nj" at https://www.instagram.com/gammeeok_ny_nj/?hl=en.

**5.2. Wage and Hour Violations as to Plaintiff ANDRE PARK**

100. Plaintiff ANDRE PARK was ostensibly employed as a server.

101. Plaintiff's job responsibilities as a server included but were not limited to serving customers and using a credit card machine to process customer orders at least 10 times per day.

102. Plaintiff ANDRE PARK was hired on or about June 20, 2023.

103. Plaintiff ANDRE PARK was hired by Defendant JUNSIK MOON (a/k/a DEREK DOE).

104. Plaintiff ANDRE PARK was supervised by Defendants JUNSIK MOON (a/k/a DEREK DOE) and JUNSIK MOON (a/k/a DEREK DOE).

105. Plaintiff ANDRE PARK worked at Gammeok in New York.

106.     Plaintiff ANDRE PARK was employed by Defendant(s) until approximately November 5, 2023.

107.     Plaintiff ANDRE PARK was paid $11 per hour.

108.     Plaintiff ANDRE PARK worked for tips on a regular basis.

109.     Plaintiff ANDRE PARK earned approximately $185 per shift in tips on a regular basis.

110.     Defendant(s) failed to distribute lawful and accurate tip credit notice(s) to Plaintiff ANDRE PARK as required by the FLSA and NYLL.

111.     Plaintiff ANDRE PARK was required to share tips with Defendant HONG JUN AN (a/k/a "Derek").

112.     Defendant(s) HONG JUN AN (a/k/a "Derek") misappropriated approximately tips from Plaintiff ANDRE PARK.

113.     Plaintiff ANDRE PARK was required to share tips with nontipped employees.

114.     Plaintiff ANDRE PARK spent at least 25% of the time performing physical tasks that qualify Plaintiff ANDRE PARK as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

115.     Plaintiff ANDRE PARK was not compensated on a weekly basis, i.e., within 7 days of the week in which work was performed.

116.     Instead, Plaintiff was paid bi-weekly

117.     Plaintiff ANDRE PARK was not paid a spread of hours premium for shifts and/or split shifts worked in excess of ten (10) hours in violation of the NYLL.

118.     Plaintiff ANDRE PARK worked the following approximate schedule: approximately 5 days per week, 12pm – 9pm two days per week, 3pm – 11pm two days per week, 2pm – 10pm one day per week.

**5.3.** <u>Wage and Hour Violations as to Plaintiff CELESTE VARGAS</u>

119.    Plaintiff CELESTE VARGAS was ostensibly employed as a server.

120.    Plaintiff's job responsibilities as a server included but were not limited to serving customers, working the cash register, swiping customer credit cards on a regular basis and preparing food.

121.    Plaintiff CELESTE VARGAS was hired on or about August 7, 2023.

122.    Plaintiff CELESTE VARGAS was hired by JUNSIK MOON (a/k/a DEREK DOE).

123.    Plaintiff CELESTE VARGAS was supervised by HONG JUN AN (a/k/a JUN DOE).

124.    Plaintiff CELESTE VARGAS worked at Gammeok in New York.

125.    Plaintiff was employed by Defendant(s) until approximately November 8, 2023.

126.    From approximately August 7 to September 17, 2023, Plaintiff CELESTE VARGAS was paid $15 per hour and $22.50 per overtime hour, i.e., for hours worked in excess of 40 per week.

127.    From approximately September 17 to November 8, 2023, Plaintiff CELESTE VARGAS was paid approximately $13 per hour.

128.    Plaintiff CELESTE VARGAS worked for tips on a regular basis.

129.    Defendant(s) failed to distribute lawful and accurate tip credit notice(s) to Plaintiff CELESTE VARGAS as required by the FLSA and NYLL.

130.    Even though Plaintiff CELESTE VARGAS was ostensibly employed as a tipped worker, Plaintiff was CELESTE VARGAS required to spend more than 2 hours or 20% of each shift doing non-tipped work including but not limited to: working security, helping in the kitchen, washing dishes, and preparing food .

13

131.     Plaintiffs were required to share tips with Defendant HONG JUN AN (a/k/a "Derek").

132.     Defendant(s) misappropriated tips from Plaintiff CELESTE VARGAS.

133.     Plaintiff CELESTE VARGAS was required to share tips with nontipped employees.

134.     Plaintiff CELESTE VARGAS spent at least 25% of the time performing physical tasks that qualify Plaintiff CELESTE VARGAS as a Manual Worker as that term is used in Section 190(4) of the New York Labor Law.

135.     Plaintiff CELESTE VARGAS was not compensated on a weekly basis, i.e., within 7 days of the week in which work was performed.

136.     Instead, Plaintiff CELESTE VARGAS was paid every two weeks or later

137.     From approximately August 7, 2023 to September 1, 2023 Plaintiff CELESTE VARGAS worked approximately 40 hours per week.

138.     From approximately September 1 to 23, 2023, Plaintiff CELESTE VARGAS worked approximately 6 days per week from 10:00 pm to 7:00 pm, i.e., approximately 54 hours per week.

139.     From approximately September 24 to October of 2023, Plaintiff CELESTE VARGAS worked approximately six days per week from approximately 11:00 pm to 7:00 pm, i.e., approximately 48 hours per week.

140.     From approximately October 2023 to the end of her employment, Plaintiff CELESTE VARGAS worked approximately five days per week, from 11:00 pm to 7:00 pm, i.e., approximately 40 hours.

### 5.4. __Wage and Hour Violations as to Plaintiff ALFREDO LARIOS SALVADOR__

141.     Plaintiff ALFREDO LARIOS SALVADOR was ostensibly employed as a busser.

142.     Plaintiff's job responsibilities as a busser included but were not limited to garbage disposal, food preparation, and bussing tables.

143.     Plaintiff ALFREDO LARIOS SALVADOR was hired on or about September 10, 2023.

144.      Plaintiff ALFREDO LARIOS SALVADOR was hired by JUNSIK MOON (a/k/a DEREK DOE).

145.     Plaintiff was employed by Defendant(s) until approximately November 6, 2023.

146.     From approximately December 2022 to August 2023, Plaintiff ALFREDO LARIOS SALVADOR was paid $15 per hour for all hours worked.

147.     From approximately September 2023 to November 16, 2023, Plaintiff ALFREDO LARIOS SALVADOR was paid $13 per hour for all hours worked.

148.     Plaintiff ALFREDO LARIOS SALVADOR worked for tips on a regular basis.

149.     Defendant(s) failed to distribute lawful and accurate tip credit notice(s) to Plaintiff ALFREDO LARIOS SALVADOR as required by the FLSA and NYLL.

150.     Even though Plaintiff ALFREDO LARIOS SALVADOR was ostensibly employed as a tipped worker, Plaintiff WAS ALFREDO LARIOS SALVADOR required to spend more than 2 hours or 20% of each shift doing non-tipped work including but not limited to: garbage disposal and food preparation  .

151.     Plaintiff was required to share tips with Defendant HONG JUN AN (a/k/a "Derek") in the amount of approximately 15% of tips per shift.

152.     Defendant(s) misappropriated tips from Plaintiff ALFREDO LARIOS SALVADOR.

153.     Plaintiff ALFREDO LARIOS SALVADOR was required to share in tips with nontipped employees.

154.     Plaintiff ALFREDO LARIOS SALVADOR spent at least 25% of the time performing physical tasks that qualify Plaintiff ALFREDO LARIOS SALVADOR as a Manual Worker as that term is used in Section 190(4) of the New York Labor Law.

155.     Plaintiff ALFREDO LARIOS SALVADOR was not compensated on a weekly basis, i.e., within 7 days of the week in which work was performed.

156.     Instead, Plaintiff was paid every two weeks

157.     Plaintiff ALFREDO LARIOS SALVADOR worked approximately 3 days per week from approximately 11:00 pm to 7:00 am and two (2) days per week from 11:00 PM to 7:30 PM.

**5.5. <u>Wage and Hour Violations as to Plaintiff WILMER ADOLFO LARIOS SALVADOR</u>**

158.     Plaintiff WILMER ADOLFO LARIOS SALVADOR was ostensibly employed as a busser.

159.     Plaintiff's WILMER ADOLFO LARIOS SALVADOR's job responsibilities as a busser included but were not limited to serving tables, garbage disposal, cooking, and food preparation.

160.     Plaintiff WILMER ADOLFO LARIOS SALVADOR was hired on or about December 2022.

161.      Plaintiff WILMER ADOLFO LARIOS SALVADOR was hired by JUNSIK MOON (a/k/a DEREK DOE).

162.     Plaintiff WILMER ADOLFO LARIOS SALVADOR was supervised by "Steven Doe" whose phone number is 201-286-1803.

163.     Plaintiff was employed by Defendant(s) until approximately November 6, 2023.

164.     From approximately December 2022 to September 2023 Plaintiff WILMER ADOLFO LARIOS SALVADOR was paid $15 per hour.

165. From approximately September 2023 to November 6, 2023, Plaintiff WILMER ADOLFO LARIOS SALVADOR was paid approximately $13 per hour.

166. Plaintiff WILMER ADOLFO LARIOS SALVADOR worked for tips on a regular basis.

167. Defendant(s) failed to distribute lawful and accurate tip credit notice(s) to Plaintiff WILMER ADOLFO LARIOS SALVADOR as required by the FLSA and NYLL.

168. Even though Plaintiff WILMER ADOLFO LARIOS SALVADOR was ostensibly employed as a tipped worker, Plaintiff WILMER ADOLFO LARIOS SALVADOR required to spend more than 2 hours or 20% of each shift doing non-tipped work including but not limited to: garbage disposal, cooking, and food preparation .

169. Defendant(s) misappropriated approximately 40% of tips from Plaintiff WILMER ADOLFO LARIOS SALVADOR.

170. Plaintiff WILMER ADOLFO LARIOS SALVADOR was required to share tips per with nontipped employees.

171. Plaintiff WILMER ADOLFO LARIOS SALVADOR spent at least 25% of the time performing physical tasks that qualify Plaintiff WILMER ADOLFO LARIOS SALVADOR as a Manual Worker as that term is used in Section 190(4) of the New York Labor Law.

172. Plaintiff WILMER ADOLFO LARIOS SALVADOR was not compensated on a weekly basis, i.e., within 7 days of the week in which work was performed.

173. Instead, Plaintiff WILMER ADOLFO LARIOS SALVADOR was paid every two weeks.

174. Plaintiff WILMER ADOLFO LARIOS SALVADOR worked approximately three days per week from approximately 11:00 PM to 7:00 PM and approximately two days per week from 11:00 PM to 7:30 PM.

**5.6. <u>Powers and Responsibilities of New York Liquor License Principals</u>**

175.     In New York, a liquor license grants the owner or possessor of the premises control over the food and beverage. N. Y. Alco. Bev. Cont. Law. § 106(1). These facts are sufficient to establish his right and ability to supervise the infringing activities.

176.     The rules and regulations associated with the liquor licensing process inherently create a collaborative relationship between the business and the principal officer's authority to provide a service as it relates to food and beverage.

177.     An individual's Plaintiff_Name1 listed as a principal on a liquor license suggests a general ability to supervise the establishment's operations and enjoy its profits.

178.     An individual's Plaintiff_Name1 listed as a principal on a liquor license also suggests (s)he keeps and maintains adequate records of all transactions involving the business transacted by such licensee which show the amount of alcoholic beverages, in gallons, purchased by such licensee together with the Plaintiff_Name1s, license numbers and places of business of the persons from whom the same were purchased, the amount involved in such purchases, as well as the sales of alcoholic beverages made by such licensee.

179.     According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is responsible for the activities of employees and patrons in all parts of the licensed premises, even if not always physically present.

180.     According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee must keep adequate books and records of all transactions involving the licensed business, including records concerning employees, whether full or part time.

181.     According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is subject to disciplinary action whether he, or an employee, serves a visibly intoxicated person or minor, and accordingly is recommended to train employees concerning service of alcohol.

182.   In applying to hold a liquor license, the applicant must confirm the location of where alcohol is stored.

183.   The liquor license holder has a direct or indirect economic interest in the establishment.

184.   In applying to hold a liquor license, the applicant must confirm, among other items, whether the restaurant has a full kitchen and will serve full entrée like meals.

185.   In applying to hold a liquor license, the applicant must provide a diagram of the premises.

**5.7. <u>Defendants' Payroll Recordkeeping Practices.</u>**

186.   Defendant(s) did not keep accurate records of the number of hours worked each day by Plaintiff(s).

187.   Defendant(s) did not keep accurate records of the number of hours worked each week by Plaintiff(s).

188.   Defendant(s) did not keep accurate records of the time of arrival and departure of Plaintiff(s) for each work shift.

189.   Defendant(s) did not keep accurate records of the regular wages earned by Plaintiff(s).

190.   Defendant(s) did not keep accurate records of overtime wages earned by Plaintiff(s).

191.   Plaintiff(s) were not given wage statements with each payment of wages as required by the NYLL.

192.   Plaintiff(s) were not given a wage notice at the time of hiring or when rates of pay changed that, inter alia, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

193.    In failing to provide proper wage statements and notices, Defendant(s) have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendant(s)' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff(s)' interest in ensuring proper pay. Despite

194.    Defendant(s)' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely. 140. Here, Defendant(s)' failure goes beyond generating a risk of harm to Plaintiff(s) and Class members. Defendant(s)' conduct actually harmed Plaintiff(s) and Class members. Defendant(s)' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendant(s)' calculations, allowed Defendant(s) to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff(s) and Class members' rights. This conduct ensured Defendant(s)' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendant(s) failure to provide wage notices allowed Defendant(s) to hide the proper frequency of pay to employees. Defendant(s)' failure to provide a wage notice to employees allowed Defendant(s) to hide their responsibility and deprive employees of timely compensation.

195.    Due to Defendant(s)' failure to provide legally mandated notices such as earning statements and wage notices, Defendant(s) were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to

provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.

**5.8. <u>Defendants' Recordkeeping Practices of Tip Sharing or Tip Pooling</u>**

196.    Defendant(s) failed to establish, maintain, and preserve for at least six years records which include: a daily log of the tips collected by each employee on each shift, whether in cash or by credit card;

197.    Defendant(s) failed to establish, maintain, and preserve for at least six years records which include: a list of occupations that the employer deems eligible to receive tips through a tip sharing or tip pool system;

198.    Defendant(s) failed to establish, maintain, and preserve for at least six years records which include: the shares of tips that each occupation is scheduled to receive from tip sharing or tip pooling;

199.    Defendant(s) failed to establish, maintain, and preserve for at least six years records which include: the amount in tips that each employee receives from the tip share or tip pool, by date.

200.    Defendant(s) failed to establish, maintain, and preserve for at least six years records that were regularly made available for participants in the tip sharing or tip pooling systems to review.

**6. <u>COLLECTIVE ACTION ALLEGATIONS</u>**

1.    Plaintiff(s) brings this action on behalf of themselves, and all similarly situated employees who worked at Gammeok within the statute of limitations period prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

2.    The FLSA Collective consists of over 30 employees who have been victims of Defendant(s)' common policy and practices that have violated their rights under the FLSA by, inter alia, misappropriating tips and violating tip credit notice requirements.

3.      As part of their regular business practice, Defendant(s) intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiff(s) the FLSA Collective. This policy and pattern or practice includes but is not limited to: misappropriating tips and violating tip credit notice requirements.

4.      Defendant(s)' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff(s) and the FLSA Collective.

5.      The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Construction Workers can be readily identified and located through Defendant(s)' records. The similarly situated Construction Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

6.      Upon information and belief, those similarly situated employees are known to Defendant(s), are readily identifiable, and can be located through Defendant(s)' records.

7.   **CLASS ACTION ALLEGATIONS**

7.      Plaintiff(s) brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated tipped employees who work or have worked for Defendant(s) within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

8.      The class is so numerous that joinder of all members is impracticable because there are more than 30 members of the Rule 23 Class.

9.      There are questions of law or fact common to the class including but not limited to: whether Defendants violated minimum wage and overtime requirements and whether Defendants unlawfully misappropriated tips to nontipped individuals and/or employers, whether Defendants violated tip credit notice requirements, whether Defendants violated occupational classification

requirements for tipped employees, and whether Defendants violated wage theft prevention act requirements.

10.     The claims or defenses of the representative parties are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for Defendant(s) within the statutory period, and sustained similar types of damages as a result of Defendant(s)' failure to comply with the NYLL.

11.     Plaintiff(s) and the Rule 23 Class were all injured in that they were victims of Defendant(s)' violations of the NYLL due to Defendant(s)' common policies, practices, and patterns of conduct.

12.     The named Plaintiff(s) will fairly and adequately protect the interests of the class.

13.     Plaintiff(s) have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

14.     There is no conflict between the named Plaintiff(s) and the Rule 23 Class members.

15.     Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant(s) or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

16.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

17.     Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

18.     Defendant(s) acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

19.     Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

## 8.   CAUSES OF ACTION

### 8.1.  Fair Labor Standards Act – Unpaid Overtime

20.     Plaintiff(s) repeat and incorporate all foregoing paragraphs as if fully set forth herein.

21.     Defendant(s) have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff(s) and the FLSA Collective and Rule 23 Class overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

22.     Defendant(s)are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff(s) and the FLSA Collective and Rule 23 Class.

23.     Defendant(s)have not made a good faith effort to comply with the FLSA with respect to Plaintiff(s)' and the FLSA Collective's and Rule 23 Class' compensation.

24.     Defendant(s)were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff(s) and the FLSA Collective and Rule 23 Class.

25.     Due to Defendant(s)' violations of the FLSA, Plaintiff(s) and the FLSA Collective and Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**8.2. <u>New York Labor Law - Unpaid Minimum Wages</u>**

26.     Plaintiff(s) repeat and incorporate all foregoing paragraphs as if fully set forth herein.

27.     Defendant(s) have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

28.     At all times relevant, Plaintiff(s) and the Rule 23 Class have been employees of Defendant(s), and Defendant(s) have been employers of Plaintiff(s) and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

29.     Defendant(s) have failed to pay Plaintiff(s) and the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

30.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff(s) and the Rule 23 Class, Defendant(s) have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

31.     534. Due to Defendant(s)' willful violations of the NYLL, Plaintiff(s) and the Rule 23 Class are entitled to recover from Defendant(s) their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**8.3. <u>New York Labor Law - Unpaid Overtime</u>**

32.     Plaintiff(s) repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

33.     Defendant(s) have failed to pay Plaintiff(s) and the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

34.     Through their knowing or intentional failure to pay Plaintiff(s) and the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendant(s) have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

35.     Due to Defendant(s)' willful violations of the NYLL, Plaintiff(s) and the Rule 23 Class are entitled to recover from Defendant(s) their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**8.4. <u>New York Labor Law - Failure to Provide Accurate Wage Notices</u>**

36.     Plaintiff(s) repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

37.     Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ... the regular pay day designated by the employer ...; [and] the Plaintiff_Name1 of the employer .... For all employees who are not exempt from overtime compensation ..., the notice must sate the regular hourly rate and overtime rate of pay."

38.     Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

39.     At the time of hire, Defendant(s) did not provide Plaintiff(s) and the Rule 23 Class with wage notifications informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendant(s).

40.     Defendant(s) violated NYLL § 195(1) by failing to provide Plaintiff(s) and the Rule 23 Class with wage notifications containing the information required by NYLL § 195, et seq.

41.     The failure of Defendant(s) to provide Plaintiff(s) and the Rule 23 Class with wage notifications in violation of NYLL § 195 was willful.

42.     By the foregoing reasons, Defendant(s) are liable to Plaintiff(s) and the Rule 23 Class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**8.5. New York Labor Law - Failure to Provide Accurate Wage Statements**

43.     Plaintiff(s) repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

44.     Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

45.     Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

46.     Plaintiff(s) and the Rule 23 Class did not receive any wage statements from the Defendant(s).

47.     Defendant(s) violated NYLL § 195(3) by failing to provide Plaintiff_Name1d Plaintiff(s) and the Rule 23 Class with wage statements containing the information required by NYLL § 195(3).

48.     The failure of Defendant(s) to provide Plaintiff(s) and the Rule 23 Class with wage statements in violation of NYLL § 195 was willful.

49.     By the foregoing reasons, Defendant(s) are liable to Plaintiff(s) and the Rule 23 Class and collective the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**8.6. <u>New York Labor Law - Untimely Paid Wages</u>**

50.     Plaintiff(s) repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

51.     Defendant(s) paid Plaintiff(s) and the Rule 23 Class of similarly situated employees more than 7 days after the end of the week in which the wages were earned.

52.     Throughout the employment, Plaintiff(s) spent at least 25% of the working time performing physical tasks.

53.     Plaintiff(s) were "manual workers" within the meaning of NYLL § 191(1)(a).

54.     Defendant(s) should have paid Plaintiff(s) on a weekly basis, "and not later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

55.     Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

56.     The failure to provide wages owed to Plaintiff Hurd and all other similarly situated.

57.     Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (*citing Vega v. CM & Associates. Contr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

58.     Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiffs under Article III that is within the federal judicial power because Plaintiffs have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

59.     Because Defendant(s) failed to pay Plaintiff(s) and the Rule 23 Class on a weekly basis, in addition to other recovery available under the foregoing claims, Plaintiff(s) and similarly situated members of the collective and class are entitled to recover liquidated damages equal to wages that were paid late every period and are entitled to interest, attorney's fees and expenses.

**8.7. Fair labor Standards Act – Tip Misappropriation**

60.     Plaintiff(s) repeat and realleges all foregoing paragraphs as if fully set forth herein.

61.     The provisions regarding misappropriate gratuities set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendant(s) and protect Plaintiff(s) and the FLSA Collective.

62.     Defendant(s) unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff(s) and the FLSA Collective in violation of § 203(m) of the FLSA and the supporting United States Department of Labor Regulations.

63.     Defendant(s) unlawfully retained gratuities and/or administrative fees intended for Plaintiff(s) and the FLSA Collective in violation of § 203(m) of the FLSA and the supporting United States Department of Labor Regulations.

64.     As a result of Defendant(s)' willful violations of the FLSA, Plaintiff(s) and the FLSA Collective have suffered damages by having their gratuities misappropriated in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### 8.8.  New York Labor Law – Tip Misappropriation

65.     Plaintiff(s) repeat and realleges all foregoing paragraphs as if fully set forth herein.

66.     Defendant(s) unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the NYLL Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

67.     Defendant(s) unlawfully retained part of the gratuities earned by Plaintiff and the NYLL Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

68.     Defendant(s) require Plaintiff and the NYLL Class to share portions of the gratuities and/or service charges they received with individuals other than customarily tipped employees or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

69.     By Defendant(s)' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities and/or service charges received by Plaintiff and the NYLL

Class, Defendant(s) have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

70.     Due to Defendant(s)' willful violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendant(s) their unpaid gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## 9.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) individually and on behalf of all other similarly situated persons, respectfully requests that the Court grant the following relief:

a.   Certify this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated employees who have suffered damages as a result of the Defendant's unlawful employment practices.

b.   Certify this action as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all similarly situated employees who have suffered damages as a result of the Defendant's unlawful employment practices.

c.   Award Plaintiff and the collective members unpaid overtime compensation as provided by the FLSA.

d.   Grant an award for liquidated damages pursuant to 29 U.S.C. § 216(b).

e.   Award Plaintiff and the class members unpaid minimum wages as required by the New York Labor Law.

f.   Award an additional amount equal to the unpaid minimum wages as liquidated damages under the New York Labor Law.

g.   Award Plaintiff and the class members unpaid overtime compensation as required by the New York Labor Law.

31

h. Award an additional amount equal to the unpaid overtime compensation as liquidated damages under the New York Labor Law.

i. Award Plaintiff and the class members damages resulting from Defendant's failure to provide accurate wage notices.

j. Award Plaintiff and the class members damages resulting from Defendant's failure to provide accurate wage statements.

k. Award Plaintiff and the class members damages resulting from Defendant's untimely payment of wages.

l. Award Plaintiff and the collective members damages resulting from Defendant's misappropriation of tips.

m. Grant an award for liquidated damages pursuant to 29 U.S.C. § 216(b).

n. Award Plaintiff and the class members damages resulting from Defendant's misappropriation of tips.

o. Award an additional amount equal to the misappropriated tips as liquidated damages under the New York Labor Law.

p. Award reasonable attorney's fees and costs incurred in prosecuting this action.

q. Grant such other and further relief as the Court deems just and proper.

r. Award pre-judgment and post-judgment interest as allowed by law.

s. Award Plaintiff and the class members the costs of this action.

t. Grant any other relief to which Plaintiff and the class members may be entitled under the law.

## 10. **JURY TRIAL DEMAND**

71. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff(s) demand a trial by jury in this action.

Dated: Queens, New York
              December 29, 2023

SACCO & FILLAS LLP

By: _____ */s/ Clifford Tucker* _____
       Clifford Tucker, Esq.
       3119 Newtown Ave, Seventh Floor
       Astoria, NY 11102
       Tel: 718-269-2243
       Fax: 718-559-6517
       CTucker@SaccoFillas.com
       *Attorneys for Plaintiffs*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO: ALL DEFENDANTS

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of ALL DEFENDANTS for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
        December 29, 2023

SACCO & FILLAS LLP

By: _____ */s/ Clifford Tucker* _____
    Clifford Tucker, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2243
    Fax: 718-559-6517
    CTucker@SaccoFillas.com
    *Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES
PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS
CORPORATION LAW**

TO: [DEFENDANT CORPORATIONS]

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above
corporations who intend to demand, pursuant to the provisions of Section 630 of the Business
Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as
laborers, servants and/or employees of the above corporations for services performed by them for
the above corporations within the six (6) years preceding the date of this notice from the ten largest
shareholders of the above corporations, and who have expressly authorized the undersigned, as their
attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business
hours, the minutes of the proceedings of the shareholders and records of shareholders of the above
corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
         December 29, 2023

SACCO & FILLAS LLP

By: _____ /s/ Clifford Tucker _____
    Clifford Tucker, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2243
    Fax: 718-559-6517
    CTucker@SaccoFillas.com
    *Attorneys for Plaintiffs*

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / 번역:

나는 최저임금, 초과근무수당, 근무시간 연장, 사례금, 법정 손해배상금, 법정 손해배상금, 변호사 수임료, 비용, 이자, 기타 나에게 지급해야 할 금액을 포함하되 이에 국한되지 않는 미지급 임금을 배상하기 위한 소송에서 원고가 되는 데 동의합니다. 연방 공정 노동 기준법, 뉴욕 노동법, 시행 규정 및 임금 명령에 따라 기타 유사한 상황에 처한 직원.

나는 Sacco & Fillas LLP가 필요할 수 있는 소송을 포함하여 내가 가질 수 있는 모든 청구를 추구할 수 있는 권한을 부여하며, 이에 따라 원고가 되고 이 소송이나 판결의 합의에 구속되는 것에 동의하고 동의하며 옵션을 선택합니다. 법정..

Name/이름: __Andre Park_____

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/서명: _*Andre Park*_____          Date/날짜: __Oct 11, 2023_____
Andre Park (Oct 11, 2023 13:46 EDT)

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: __Celeste Vargas__

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: __Celeste Vargas (Oct 11, 2023 13:46 EDT)__   Date/Fecha: __Oct 11, 2023__

## CONSENT TO JOIN ACTION

### REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: _____

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _____    Date/Fecha: _11_/_10_/_23_

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: _Wilmer Aleko Carión_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _Wilmerelm_     Date/Fecha: _11/10/23_