UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
––––––––––––––––––––––––––––––––––––––––
ANDRE PARK, et al.,

                        Plaintiffs,

-v-                                          CIVIL ACTION NO.: 23 Civ. 11309 (SLC)

                                                            **ORDER**

HANPOOL, INC, et al.,

                        Defendants.
––––––––––––––––––––––––––––––––––––––––

**SARAH L. CAVE,** United States Magistrate Judge.

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 72), and have now submitted a Letter-Motion in support of settlement (ECF No. 77 (the "Motion")) and proposed settlement agreement (ECF No. 77-1 (the "Agreement")), and supporting exhibits (ECF Nos. 77-2 – 77-3; 79) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)). "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." Id. "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)). Although the Agreement contemplates an allocation of attorneys' fees and costs

to Plaintiffs' counsel, Plaintiffs have not provided invoices or receipts in support of their assessment of "Disbursements" listed in ECF No. 77-3, which are required for the Court's evaluation of the proposed settlement.  See Suriel v. Cruz, No. 20 Civ. 8442 (VSB) (SLC), 2022 WL 1750232, at *18 (S.D.N.Y. Jan 10, 2022) (recommending denial of an award of costs where a party failed to submit receipts to substantiate their requested amount of costs).

Accordingly, by **Monday May 19, 2025**, Plaintiff's counsel shall submit costs documentation, i.e., invoices or receipts, not merely the notation in counsel's billing records (ECF No. 77-3), corresponding with the requested amount of costs.

Dated:	New York, New York
	May 12, 2025

										SO ORDERED

										_____
										**SARAH L. CAVE**
										**United States Magistrate Judge**