UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE PARK, et al.,

                      Plaintiffs,

-v-                                          CIVIL ACTION NO.: 23 Civ. 11309 (SLC)

                                                  **ORDER APPROVING SETTLEMENT**

HANPOOL, INC, et al.,

                      Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 72), and have now submitted a Letter-Motion in support of settlement (ECF No. 77 (the "Motion")) and proposed settlement agreement (ECF No. 77-1 (the "Agreement")),[1] and supporting exhibits (ECF Nos. 77-2 – 77-3; 79; 81; 81-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). In addition, Plaintiffs have expressed serious concerns about collectability and have agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365

---

[1] In response to the Court's Order (ECF No. 78), Plaintiffs' counsel provided proof of translation of the Agreement into the primary language of those Plaintiffs whose primary language is not English. (ECF Nos. 79 – 79-5).

(S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "guarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").]

Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, and having participated in a lengthy conference that led to the settlement (ECF No. 61), the Court finds that all the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  With respect to the allocation of attorneys' fees, the Court has both (i) reviewed Plaintiffs' Retainer Agreements with counsel and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Plaintiffs was "fair to [P]laintiffs and reasonable at the time it was made," Puerto v. Happy Life Home Health Agency Inc., No. 23 Civ. 4915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023), and (ii) reviewed Plaintiffs' counsel's billing records, from which the Court has determined that the hourly rate and hours expended were both reasonable.  See Huggins v. Chestnut Holdings Inc., No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022).  In addition, Plaintiffs have provided receipts corroborating the costs for which they request reimbursement, the nature and amount of which the Court finds reasonable.  (ECF Nos. 81; 81-1).

Finally, the Court approves Plaintiffs' request to distribute a claim form to two opt-in Plaintiffs who, despite counsel's diligent efforts, did not execute the Agreement.  (See ECF No. 77

at 3). See, e.g., Marichal v. Attending Home Care Servs., LLC, 432 F. Supp. 3d 271, at 281 (E.D.N.Y. Jan. 13, 2020) ("For the Opt-In Plaintiffs to be bound by the Agreement, they must be given notice and the opportunity to opt-in affirmatively and consent to the Agreement . . . . [U]nless all signatures are obtained beforehand, the option to opt into the settlement must be done through notice, with a period in which to opt-in. Should any of the current Opt-In Plaintiffs choose not to opt-in, i.e., accept the settlement, they cannot be bound by its terms.").

Accordingly, the Court approves the Agreement. The Court retains jurisdiction to enforce the Agreement. Any pending motions are moot. The Clerk of Court is respectfully directed to terminate and mark ECF No. 77 as "granted."

By **May 27, 2025**, the parties shall execute and file the Stipulation of Dismissal with Prejudice (ECF No. 77-1 at 14).

Dated:    New York, New York
          May 20, 2025

SO ORDERED

*[signature]*

**SARAH L. CAVE**
**United States Magistrate Judge**